**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 00-7313

_____

JAMES PRESTON KAY,

Petitioner - Appellant,

versus

RON ANGELONE, Director of the Virginia Depart-
ment of Corrections,

Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Albert V. Bryan, Jr., Senior
District Judge.  (CA-99-605-AM)

_____

Submitted:  November 20, 2000       Decided:  December 4, 2000

_____

Before WILKINS and KING, Circuit Judges, and HAMILTON, Senior Cir-
cuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

James Preston Kay, Appellant Pro Se.  Thomas Drummond Bagwell, As-
sistant Attorney General, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Preston Kay seeks to appeal the district court's order dismissing his habeas corpus petition filed pursuant to 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000). We dismiss the appeal for lack of jurisdiction because Kay's notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1). There are three circumstances under which the deadline to note an appeal may be extended beyond thirty days from entry of judgment: 1) when the district court extends the appeal period under Fed. R. App. Proc. 4(a)(5); 2) when the district court re-opens the appeal period under Fed. R. App. P. 4(a)(6); or 3) when a party timely files any of the motions listed in Fed. R. App. P. 4(a)(4)(A). These strict time limitations placed on notices of appeal are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on July 16, 1999. Although Kay's first notice of appeal was filed on July 23, 1999, and was therefore timely, he voluntarily dismissed that appeal on October 26, 1999, pursuant to Fed. R. App. P. 42(b). Kay filed an Amended Notice of Appeal on September 7, 2000, approximately one year and two months after entry of judgment by the district court and approximately eleven months after voluntarily dis-

2

missing his first appeal. Kay did not obtain an extension or reopening of the appeal period prior to filing his amended notice of appeal. Nor did he timely file any of the motions listed in Fed. R. App. P. 4(a)(4)(A). Accordingly, because Kay failed to file a notice of appeal within the appeal period, his appeal was not timely. Consequently, we deny a certificate of appealability and therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

<u>DISMISSED</u>